Good morning. May it please the court. I'm James Laughlin on behalf of the appellant Mandreel Smith. With the court's permission, I'd like to reserve two minutes of my time for rebuttal. The sole issue in this case is whether the district court properly dismissed Mr. Smith's habeas petition as untimely. The court made that decision without ever addressing the equitable tolling arguments that were raised by Mr. Smith. Under this court's decision in Brown... How much would equitable tolling have bought you? Well, I think that's unclear at this point, and that's why a remand for further development is necessary. Why don't you make your best argument? The allegation... If all equitable tolling wouldn't help you, then there's no point to have a remand, is there? Well, Your Honor, I think that... You've got to argue enough days that it would get you under the one year. Correct, Your Honor. And I think, though, that at this stage, the court has to recognize that we are dealing with Mr. Smith's pro se pleadings below, which are viewed, as this court has recognized, more liberally than if it was pled by counsel. You're not going to answer my question? Well, Your Honor, I'm trying to answer the question. I know the law. The allegation... I do know the law. I've been here for a while. I do know how we review these things. Do you understand the question? I understand the question, Your Honor. The allegation that was made... Can you answer the question? The equitable tolling allegation that was made was that numerous prison lockdowns, transfers, and times of administrative segregation... Give me specific periods and times and show me how it adds up to enough time to make a difference. So I've got the record here. Let's talk about specific times. How much could the equitable tolling argument as presented below in the district court have brought? So what periods? Give me dates. I'm trying to explain that Mr. Smith, with one exception, did not allege specific times. He said numerous occasions, and under this... I'm giving you a chance to give me dates, even if he did not. So I'm willing to give him the benefit of the doubt that he's pro se and he doesn't come up with dates. Nevertheless, the period is made up of dates. That's how life is. Right. Okay? So you can peer into the record, and we will fill in the dates. We will assume, for purposes of this discussion, that he did allege the dates that you are about to put in his mouth. So can it be any fairer than that? So now give me specific dates that, if he had been sufficiently well-schooled, he would have alleged in his petition would have made a difference. Which period and what was the tolling? I do not have that information, Your Honor, because that is not in the record, and that is not something that I developed for purposes of this appeal, where the only question is whether this should be remanded for further factual development under this court's clear principle. Well, you are faulting the district court for not addressing an argument he made, and that's the argument of tolling. So I'm willing to listen to what that argument is that the district court didn't consider. So since you're faulting the district court, you have to sort of point to stuff on the record that he said that, if the district court had considered favorably, would have granted him relief. I'm sorry, Your Honor. I was interpreting your question as asking me to cite the facts outside the record. No, I'm not asking that. If I'm looking at facts in the record, what we have is a pro se litigant's allegation that numerous incidences of transfers, lockdowns, and you know ---- Let's take them one at a time. What are those numerous incidents, and how do they adapt to enough time to make a difference? And what I'm trying to explain is that, although Mr. Smith did not include that information in his petition, this Court in Brown, in Lowe v. Johnson, and similar cases, the Anban case in Whaley Hunt, for example, has said, when you're dealing with pro se litigants, the ---- one, you have to interpret what they say liberally, and then you have to give them a chance to amend what they have filed and provide additional information if their initial allegations perhaps are not enough to establish clearly which dates are equitable. Are you conceding that he did not present enough? No, I'm saying he presented enough. He's presented enough so that the remedy that this Court has granted in Brown, Whaley Hunt, Lowe v. Johnson, and other cases is appropriate here. As a pro se litigant, he made an allegation of equitable tolling that deserved further factual development. Are you conceding that he did not present enough to win on what he presented? I'm saying that with what he presented ---- What else you are saying. Are you conceding that if we look at what he actually presented, that this Court was right? Maybe he should have gotten a chance to plead more, maybe. But are you conceding that what he alleged is not enough? If the record were locked in place as it is now, which it isn't and shouldn't be, then there isn't enough that the Court could say, as it wants to know, what particular dates these lockdowns occurred. What particular date these transferred affected his ability to get to his files when he was in administrative segregation. That's why this Court recognizes that pro se litigants who aren't as familiar with the law as we are, aren't as sophisticated in making these allegations get the chance that they deserve before their one chance to get relief in federal court is taken away from them. We've got two possible tollings. One, when did he get notice of the decision? Because, as I understand the law, the statute of limitations doesn't start to run until he either has actual notice or should have actual notice of the decision by the administrator. The magistrate judge starts the tolling running from the date of the day after the decision, which is clearly wrong on the law. And we don't have in the record anything from either side that tells us, well, when did he actually get the notice? And the magistrate judge just starts it at the wrong place. Correct me. If we start it when we know he had notice, which is when he first files something, we know by then he has notice, he's still a little bit short. But if you talk about the time for which he alleges that there's equitable tolling available to him, and he says he was in ad seg without legal materials starting on March 28, 2012 until well after September 14, 2012, well after, well, if he's entitled to equitable tolling for that entitled period, he's fine. Correct. The question is whether those things are true, and we don't know. Because the district judge, or the magistrate judge, I should say, starts off with the wrong date for tolling, and he doesn't address one way or the other the equitable tolling. He just says no equitable tolling allowed. So you say, well, I think we need a little more development of the record. Correct, Your Honor. And this is a case, too, where I think if the ---- Is that right? What? That the trigger date is not the date of the decision? I'm sorry. I couldn't hear that. That the trigger date is not the date of the decision? That is correct. As I explained in the brief ---- I'm sorry. What authority do you have for that? It's the ---- it starts with the language of the statute, which says that the date factual predicate for their claim has been satisfied. And ---- What about Shelby and Red? Don't those cases start running the day the decision was made? Those are our cases. Correct. And those are McGrath and Shelby? Well, what they say is in a position where the inmate does not dispute in the proceeding that he received notice on that day, then that's when it begins. But as I point out, there's a district court case called Colbert, which I think is supported by this Court's own case law, which is that because equitable toll ---- because the running of the limitations period is an affirmative defense, the respondent has the burden to show when that period starts running. And here the respondent never provided a proof of service, as Judge Fletcher pointed out, or any other fact that would show when that day became ---- when that, in fact, occurred. So based on the record we have now, the most ---- the earliest we can say that date occurred is the day that he filed his first habeas court ---- habeas proceeding in State court. So that's when the tolling period has to run. And what is that date? That was January 18, 2012. So as Judge Fletcher pointed out, that ---- So that makes, what, 70 days? That takes out two ---- at that point there is ---- The time between the decision and the time he files. How long is that? 250 days. I'm sorry.  I misspoke. The date of the filing of the Superior Court petition was 11 ---- November 16, 2011. But, of course, then he would be entitled to statutory tolling. So then the first time that ---- I thought it was November 15. I believe it was 16, but maybe I misread that. I think he filed on the 16th of November. Okay. Whether it's 15 or 16 doesn't matter much, but I think it was the 16th. But then he would be entitled to statutory tolling until the denial on January 18, 2012. So under the record we have now, that would be the earliest ---- And then he's got a long period of nothing happening in terms of filing, and it says with respect to a lot of that period, he says, I was an ad seg and I didn't have access to legal materials. Correct Your Honor. And as to that period, he may or may not get equitable tolling, but the record wasn't developed as to that. Correct Your Honor. But he alleges he was of legal materials, and depending on the degree of deprivation of legal materials and ad seg, he may or may not be entitled to equitable tolling. That's true, Your Honor. And plus, given his more general allegations, there's also implications that there were other periods of administrative segregation, other periods that might also qualify for equitable tolling that could be developed if the case is remanded as a statute. Well, no good deed goes unpunished. What happened here, I'm pretty sure is, this case originally comes out of the Eastern District. They're terribly overloaded, so we get somebody down here being a good Samaritan doing the case and maybe handles it a little quickly. I see that I'm over my time. Unless the Court has questions, I'll submit. Thank you. Okay. We'll hear from the government. Good afternoon, Your Honors. I'm Nikhil Cooper, First Respondent in the Petalik. This is a case in which the Petitioner waited much too much too long to file. Let me ask you this. First, just in terms of what the standard is as to when the period starts to run, is it 224D, sub 1, sub capital D, date on which the factual predicate could have been discovered or was discovered? Yes. So the question is, then, when did he know or when, with the exercise of due diligence, could he have known when the administrative decision was made? It was not the date of the decision. No. And so the magistrate judge made a mistake. We don't know what the actual date is, but we do know, absent some proof of what he could have discovered by due diligence, we cannot be sure that it starts immediately upon that decision. Is that right? Not entirely. Under this Court's precedent in Shelby, the date runs from the day after the director's decision became final. In this case, that is. . . It wasn't disputed that he had notice in Shelby. And it's not disputed in this case either. He never advances this argument that he failed to receive timely notice of his director's level decision, and that caused a delay in his first filing of a State court petition. He never raises that claim. It's undisputed in Shelby, and it's undisputed in this case as well. So he's pro se, so he doesn't say one way or the other when he got it? No, he doesn't. He admits that he had it by the time he filed his first Superior Court petition. Well, yeah. But he doesn't say that I failed to receive it in a timely fashion, and that's why I waited 251 days from the day I received that decision before I first filed it in the State court. I'm trying to understand your position, putting together the answers to a couple of just-fetchers questions. So you agree. . . Again, if I'm wrong, correct me as I understand it. You agree that it goes from the date he got notice. Yes. We agree that it goes from the day he got notice, or in this case. . . Wait a minute. Stop. Well, we believe this case is controlled. . . Stop. What's that? Stop. Yes. You agree with the date he got notice. Yes. And then your position is he's presumed to have gotten notice the day after unless he presents evidence to the contrary? Yes. That's your position. Yes. And that squares with this case, with this Court's holding in Shelby. And that's why those 251 days. I'm sorry. Shelby actually says that? Shelby. . . In Shelby, it was never contested that the petitioner. . . I'm just wondering what the authority is for the part that says it's presumed to be the next day. Yes. Shelby says that. Well, I've got Shelby. Where does it say it? Okay. I don't have Shelby right in front of me, but. . . Well, that's going to be a problem, then. Would you like my copy of Shelby? No, Your Honor. All right. I think I have the standard here. I believe it's on page 1066. Yes. Yes. The year of the Norman invasion. We're on page. . . And what is it specifically? Give me some help here. I'm looking at 1066. What are we looking for? Read the last paragraph before conclusion. Here as in red, Shelby does not dispute that he received timely notice of the denial on July 1, offers no evidence to the contrary, therefore begins running the next day. Correct. Well, at what point do we hold a pro se petitioner to disputing, not disputing, whatever? Is there no obligation on the government to say, well, we sent it to him on X date, whatever? I think when the government advances an argument that the petition is untimely, it's incumbent then upon the petitioner to say, well, I didn't have this decision, so I could not have presented it in a more timely fashion, especially if he's arguing that. . . Do you have any evidence in terms of when that decision would have been sent to him? No, there's no evidence in this record that we have. So we are presuming to follow Shelby. Petitioner, again, never contests that he received timely notice. He does claim that he's entitled to equitable tolling, but he never states that I failed to receive timely notice of this prison disciplinary decision, and that's why I waited 251 days to file my first state court petition. Okay. And so just moving on quickly to equitable tolling. . . It's sort of an Alphonse and Gaston situation. We're all pointing fingers at each other. A little bit. This is true. But in the case of equitable tolling, while it's the government's burden to put timeliness into issue, it's petitioner's burden to plead adequate facts that satisfy equitable tolling. And in this case, he simply has not done so. He's saying I don't need to on that period because there is no trigger date. The burden to show the trigger date is on the other side. So I don't need to show equitable tolling for that period. There's no starting period until I actually file it, and at that point, you know I have notice. That's true. But that kind of contradicts this Court's precedent, which requires a very high showing for equitable tolling, a very highly developed pattern of facts. And. . . Well, that's equitable tolling rather than when the trigger date is when it starts to run, or maybe I missed the change of subject. Yeah. I'm speaking not equitable tolling, but if the petitioner is claiming that he does not have to have a burden to say when I was. . . What he's saying is there's nothing to equitably toll because there's no evidence that I got the notice. So we're not in equitable tolling land. We are in the triggering date for the start of the statute of limitations. Yeah. And if you want to claim statute of limitations, you have to say here's the starting date. And we have that date. So back to statutory tolling. We have that date. It's an affirmative defense on your part, and you present no evidence of having sent it to him or anything else. And he presents no evidence that he failed to receive it. He never alleges it, either. But it's your defense. It is. And you get it without saying anything? Well, in this case, under these facts, if the petitioner never says I failed to receive timely notice. Well, you did say something. He's failed to rebut. You did say something. You said the decision was issued. The decision was issued. Is that enough? Under Shelby, when the petitioner does not contest it, it is enough. The decision runs. The one-year deadline runs to the next day. I see. Because in Shelby, it also didn't contest it. Yes. In Shelby, he also did not contest it, just as in this case. But at what point does the obligation to contest arise, after you say we sent it to you in the ordinary course of events? Because I think all you said is the decision was rendered on such-and-such a day. His obligation to contest that I did not receive timely notice certainly arises by the time that we put timeliness into issue in the motion to dismiss. In none of his pleadings, in response to pleadings to the motion to dismiss or the objections to the R&R, did the petitioner ever say I did not receive this in a timely fashion. So he's never raised this issue. He has failed to contest it entirely. Under Shelby, therefore, the decision has to run from the day after it issued. The one-year deadline has to run from the day after the decision issued. And then moving on to equitable tolling, as Your Honors asked previously or intimated previously, he has not pled adequate facts, first off, to establish equitable tolling. And even if he did, the most specific he has pled is 171 days for which he was in administrative segregation or a lockdown. Even giving him those 171 days, this petition is still long on timely. Well, how do you get 171 days? He says well past a certain date. It doesn't give you a specific date. Well, if he's asking for equitable tolling, it's kind of his burden to establish what dates he seeks equitable tolling for. The most specific dates he offers are 171 days. Yeah. Here's what bothers me about this case. In a sense, it's a penny ante case. I mean, what we're talking about is loss of good time. I'm not sure whether there's going to be a good defense on the merits or a good argument on the merits when he gets to it and so on. What bothers me is that this case was given short shrift, and my guess is he loses in the end. But what bothers me is I'm not sure he's had a fair shot at showing compliance with the statute of limitations. And I respect that opinion, but we would just we would disagree with that because he was given several attempts. I mean, leaving aside the petition for habeas corpus, he could have at least raised some concrete facts in the objections to the motion to dismiss or the objections to the R&R or even to the, you know, even to his petitions here in this court. But he hasn't. He hasn't done so. He's failed to allege any facts whatsoever. And for that reason, he's simply not entitled to equitable tolling. Okay. Thank you very much. Thank you. I think we're out of time, but we'll give you a minute for rebuttal. Your Honor. What do you make of Shelby? I'm sorry? What do you make of Shelby? As I pointed out on page 20 and 21 of my reply brief, this is the kind of question that merely lurked in the record in Shelby. It wasn't addressed. And I even cited to the Shelby, not only Shelby opinion. It was not addressed here either. He gets the decision is made. He, just like Shelby, did not contest that he got the notice in a timely fashion. So why does the Shelby rule apply on its fourth? What I mean by Shelby is that it was not contested even on appeal. And, therefore, the court never had to reach the question of whether the time flows from the day of the decision or to some subsequent point where it's proved he got the decision. So that's why Shelby and the prior decision read as not binding on that, because the court has never been presented with that question before. Well, I'm not sure I understand what makes a difference. What they do, what they say is, the rule they announce is, they say if the petitioner doesn't contest when he got the notice, we'll presume the next day is the triggering date. But, for example, the court never said, even though he's contesting on appeal, he didn't contest it below, and, therefore, he's out of luck. What the court was saying was, even before this court, he's not contesting it. Therefore, we're going to assume it happened on that day. So that's why I don't think Shelby's right. I'm not sure I understand what the difference is. The record is, the record below, I mean, has he contested? I don't even hear you having contested now. There's no evidence saying, look, I, where he says, I did not get it for 20 days or 30 days or 50 days. But he did not have to contest it below. He, again, it's the government's burden, so. Sotomayor Shelby says, if he doesn't contest it, the rule is, it's the next day. No, what Shelby says, it is a matter of reciting the facts in that particular case. We don't need to go further because the court, he's not contesting it even in this court. He's not presenting us with a question of whether this date should be any different than the day of the decision. That question is presented in this case. I do want to say briefly that, just to point out what Judge Fletcher said, is that given the government's concession that he, that Mr. Smith did allege 171 days of equitable tolling, and given the fact that if the court accepts that because the government did not prove when he received the decision, the first 250 days between the decision and the first habeas fission don't count, those two things alone mean that the remaining time is under one year. So putting aside even, though I think the other allegations he's made suggest that there are other tolling times that may be worthy of further inquiry, the court doesn't need to reach that because, given this record, he has alleged sufficient facts to get him under one year. And he should deserve, he deserves a chance to try to prove up those facts and any other tolling facts in the court below. Okay. Unless the court has any questions, I'll submit. Thank you. Thank you. The cases are withstand submitted.
judges: Kozinski, W. Fletcher, Gould